UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**UNITED STATES OF AMERICA,**

v.  Criminal Case No. 4:17cr20

**BRYAN LEWIS,**

      Defendant.

## OPINION AND ORDER

This matter is before the Court on a motion to dismiss filed by Defendant Bryan Lewis ("Defendant"), requesting that the Court dismiss counts five and six of the indictment. Def.'s Mot. to Dismiss 1-2, ECF No. 12. Counts five and six of the indictment charge Defendant with aggravated identify theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and (c) and 2. Indictment 6, ECF No. 1. Defendant argues that counts five and six should be dismissed because these counts (1) do not sufficiently charge a crime, and (2) are duplicative of counts two and four.

### I. Legal Standard

At the motion to dismiss "stage of a criminal case, the indictment allegations are presumed to be true, and the motion should not ordinarily be used as a vehicle to test the sufficiency of the evidence behind the allegations." United States v. Treacy, No. 15-4742, 2017 WL 497674, at *3 (4th Cir.

Feb. 7, 2017) (citing United States v. Stewart, 744 F.3d 17, 21 (1st Cir. 2014)). Thus, a district court may dismiss an indictment before trial based upon "an infirmity of law," but not based upon a determination of facts that will be developed at trial. Id.

A. Sufficiency in Charging Aggravated Identity Theft

On July 15, 2004, the President signed the Identity Theft Penalty Enhancement Act into law. Press Release, White House, 2004 U.S.C.C.A.N. S15, S16 (July 15, 2004); Identity Theft Penalty Enhancement Act, PL 108-275, HR 1731 (July 15, 2004). Establishing the offense of "aggravated identity theft," the statute reads:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

18 U.S.C. § 1028A(a)(1). The United States Court of Appeals for the Fourth Circuit has interpreted this statute to require that "the defendant (1) knowingly transferred, possessed, or used, (2) without lawful authority, (3) a means of identification of another person, (4) during and in relation to a predicate felony offense." Treacy, 2017 WL 497674, at *1 (quoting United States v. Abdelshafi, 592 F.3d 602, 607 (4th Cir. 2010)).

## 1. "Means of Identification"

Congress defined the term "means of identification" in 18 U.S.C. § 1028(d)(7), United States v. Hilton, 701 F.3d 959, 967 (4th Cir. 2012) (applying the definition of "means of identification" in § 1028(d)(7) to § 1028A), which states that "the term 'means of identification' means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual," 18 U.S.C. § 1028(d)(7). Thus, for the purposes of § 1028A, a "means of identification of another person" is any name or number "so long as the sum total of information identifies a specific individual." United States v. Mitchell, 518 F.3d 230, 234 (4th Cir. 2008); accord. United States v. Foster, 740 F.3d 1202, 1207-08 (8th Cir. 2014) (emphasis added) (describing § 1028A as prohibiting "the knowing use of another person's personal information when the information used is sufficient to identify a specific person").

Such identifying information includes, but is not limited to, a person's "name, social security number, date of birth, official State or government issued driver's license or identification number, . . . unique electronic identification number, address, or routing code; or . . . telecommunication identifying information or access device." Abdelshafi, 592 F.3d at 611 n.3 (quoting 18 U.S.C. § 1028(d)(7)). An access device

includes any "means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds," such as a credit card. 18 U.S.C. § 1029(e)(1). "There is no dispute that credit cards are 'access devices' within the meaning of 18 U.S.C. § 1029(e)(1)." United States v. Akinkoye, 185 F.3d 192, 200 (4th Cir. 1999).

### 2. Knowledge Requirement

In Flores-Figueroa v. United States, the United States Supreme Court construed the word "knowingly" in § 1028A(a)(1) to apply to the phrase "of another person," holding that a defendant must have known that the "means of identification" referred to a "real person." 556 U.S. 646, 655 (2009) (emphasis added). If the personal information used by the defendant did not identify any real person (e.g. it is a "false ID"), no specific individual's identity was taken, and thus a defendant cannot be liable for identity theft. See id. Further, if a defendant uses the personal information of a real person to commit a crime but does not know that the information "refers to" a real person, the defendant also cannot be responsible for "knowingly" using the information "of another person." United States v. Adepoju, 756 F.3d 250, 256 (4th Cir. 2014) (citing Flores-Figueroa, 556 U.S. at 647) (emphasis added) (explaining

4

that "an accused unaware that the means of identification refers to a real person cannot be guilty").

## B. Double Jeopardy: Duplicative Counts

While a defendant may not be punished twice for the same offense, U.S. Const., amend. V, "[i]t is well settled that a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause." United States v. Allen, 13 F.3d 105, 108 (4th Cir. 1993) (quoting Albernaz v. United States, 450 U.S. 333, 344-45 n.3 (1981)). Under the traditional Blockburger test, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932); United States v. Dixon, 509 U.S. 688, 696 (1993) (describing the Blockburger test as "inquir[ing] whether each offense contains an element not contained in the other"). Conviction of both a greater offense and a lesser-included offense violates the Blockburger test when the lesser-included offense "requires no proof beyond that which is required for conviction of the greater [offense]." Brown v. Ohio, 432 U.S. 161, 168 (1977). In such a situation, the greater offense is "by definition the 'same' for purposes of double jeopardy as any lesser offense

5

included in it," and a defendant cannot be guilty of both offenses. Id.

## II. Discussion

Defendant argues that counts five and six should be dismissed because these counts (1) do not sufficiently charge a crime, and (2) are duplicative of counts two and four. Def.'s Mot. to Dismiss 1-2.

### A. Sufficiency in Charging Aggravated Identity Theft

Defendant argues that counts five and six do not sufficiently charge the crime of aggravated identity theft because "the counts are predicated on the use of credit cards in the names of persons who did not open the accounts." Def.'s Mot. to Dismiss 1. In counts five and six, Defendant is charged with aggravated identity theft by unlawfully using two means of identification: (1) the names of K.R. and P.S., and (2) "fraudulently opened and obtained" credit card account numbers in the names of K.R. and P.S. Indictment 6. Defendant argues "the statute is a theft offense," and because victims K.R. and P.S. did not know about the credit card accounts opened in their names, Defendant cannot be guilty of aggravated identity theft for using the fraudulently-opened credit cards in the names of K.R. and P.S. Def.'s Reply Br. 2, ECF No. 14. Defendant bases his argument upon the Supreme Court's holding in Flores-Figueroa, in which the Court construed the knowledge element of

6

§ 1028A(a)(1) to require that "the defendant knew that the means of identification at issue belonged to another person." 556 U.S. at 657. According to Defendant, under Flores-Figueroa, a "means of identification" must "belong" to another person, and a means of identification cannot "belong" to a victim who is unaware of or did not authorize it. Def.'s Mot. to Dismiss 2 ("The credit cards cannot belong to someone who does not know of their existence.").

In response, the Government argues that counts five and six properly charge Defendant with aggravated identity theft by identifying two means of identification of specific, real people (K.R. and P.S.) that Defendant unlawfully used to commit a predicate offense (bank fraud). Gov't Resp. 3, ECF No. 13. According to the Government, because K.R. and P.S.'s personal identifying information was used, albeit fraudulently, to open credit card accounts in K.R. and P.S.'s names, each newly-opened account "identifies a real person." Id. at 4. Because each account number identifies a real person, the "account numbers are certainly means of identifying" K.R. and P.S., making the account numbers a "means of identification" that Defendant unlawfully used for purposes of § 1028A. Id. The Government argues that Defendant is attempting to read a requirement into § 1028A that does not exist—that the "means of identification"

7

must either have been issued to the victim or the victim must be aware of it. Id. at 5.

The Court is unpersuaded by Defendant's argument because it is contrary to the very purpose of the aggravated identity theft statute—the protection of a victim's identity. Defendant looks to the Supreme Court's use of the word "belong" to correctly note that the applicable statute "is a theft offense." Def.'s Reply Br. 2. However, the "theft" required is of a victim's "identity." United States v. Greene, No. 15-4812, 2017 WL 908212, at *2 (4th Cir. Mar. 7, 2017). A defendant who unlawfully "uses" a victim's identity, 18 U.S.C. § 1028(a)(1), is not obligated to actually steal the "means of identification." United States v. Kimble, No. CRIM. WDQ-13-035, 2015 WL 4164820, at *15 (D. Md. 2015), aff'd, No. 15-4672, 2017 WL 1592029 (4th Cir. May 2, 2017) (clarifying that § 1028A does not require the theft of a means of identification (citing Abdelshafi, 592 F.3d at 605)). Thus, in order to be convicted of aggravated identity theft, a defendant must knowingly and unlawfully use an identity that "belongs" to a specific individual by using things that sufficiently identify (e.g. the "means of identification" of) a real person. When Defendant argues that the Government must prove that "another person" knew of or owned the means of identification at issue, he misses the mark because the statute only requires that the Government prove

8

that Defendant "use[d]" the identity of another person—whether that "another person" knows his identity is being used or not. Greene, 2017 WL 908212, at *2 (emphasis added) (describing the knowledge requirement of § 1028A as requiring that the defendant knew "that the victim's identities belonged to real people").[1]

Here, the indictment alleges that Defendant used "stolen personal identifying information to fraudulently open and access accounts at such institutions in the names of others," and that when doing so, Defendant used "means of identification—including names, social security numbers, dates of birth, and access devices . . . belonging to those individuals." Indictment 2-3. Counts five and six further allege that after Defendant fraudulently opened credit card accounts with the stolen personal identification of specific individuals, Defendant then used the names of such individuals—K.R. and P.S.—together with the fraudulently opened credit card accounts in the same names, to withdraw cash from an ATM and to make a purchase.

The Court finds that the indictment properly alleges that Defendant created means of identification that identified actual, real individuals (K.R. and P.S.), and that each victim's identity was then used to commit another crime (bank fraud).

---

[1] The "means of identification" language is merely a way to concretely describe how a real person's identity can be unlawfully transferred, possessed, or used. Use of such language does not create a requirement that a victim actually own the means of identification or be the person who opened the accounts represented by the means of identification—here a credit card.

See United States v. Smith, 416 F. App'x 416, 420 (5th Cir. 2011) (finding that a defendant was guilty of aggravated identity theft for using fraudulent credit cards because the "identities" belonged to real people); Foster, 740 F.3d at 1207 (holding that when co-conspirators "agreed to use the identity of a real person," a forged driver's license in the name of the real person was a "means of identification" when it was sufficient, taken together with other information, to identify a specific individual); United States v. Gonzalez, 666 F. App'x 847, 849-50 (11th Cir. 2016), cert. denied, (U.S. Apr. 24, 2017) (holding that a check was used as a "means of identification" to commit bank fraud for the purposes of § 1028A when the check listed a first name, last name, and address that all matched a specific person's identification information). Because counts five and six sufficiently allege that Defendant used two specific victims' identities (K.R. and P.S.) to commit a crime (bank fraud) in violation of 18 U.S.C. § 1028A, the Court **DENIES** Defendant's motion to dismiss counts five and six upon this ground.

### B. Double Jeopardy: Duplicative Counts

Next, Defendant alleges that counts five and six are lesser included offenses of counts two and four, and thus should be dismissed because they are duplicative. Def.'s Mot. to Dismiss 2. Defendant is charged in counts two and four with committing

10

bank fraud in violation of 18 U.S.C. § 1344 and is charged in counts five and six with aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) and (c).

In applying the Blockburger test, the Court compares the elements of bank fraud and aggravated identity theft to determine whether each offense "requires proof of a fact which the other does not." Blockburger, 284 U.S. at 304. "The elements of a § 1344(1) violation are (1) the defendant knowingly executed or attempted a scheme or artifice to defraud a financial institution, (2) he did so with intent to defraud, and (3) the institution was a federally insured or chartered bank." Adepoju, 756 F.3d at 255. The requirements for a § 1344(2) conviction are the same, except the first element, which instead requires that "the defendant knowingly execute[d] a scheme to obtain property held by a financial institution through false or fraudulent pretenses." Id. As explained above, aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) requires that "the defendant (1) knowingly transferred, possessed, or used, (2) without lawful authority, (3) a means of identification of another person, (4) during and in relation to a predicate felony offense." Treacy, 2017 WL 497674, at *1 (quoting Abdelshafi, 592 F.3d at 607).

A review of the elements required for both offenses shows that, on their face, the elements have minimal, if any, overlap.

11

For example, § 1344(1) bank fraud (counts two and four) requires a scheme to defraud a financial institution, intent, and that the institution is federally insured or chartered. Aggravated identity theft (counts five and six) requires a completely different set of elements: knowledge, unlawful use, another person's means of identification, and a predicate felony. Thus, because aggravated identity theft requires elements that are not required for bank fraud, aggravated identity theft cannot be a lesser included offense of bank fraud. Moreover, Defendant's double jeopardy/duplicative counts argument is inconsistent with the text of the aggravated identity theft statute which <u>requires</u> a predicate offense. 18 U.S.C. § 1028A(a)(1) (emphasis added) ("Whoever, <u>during and in relation to any felony violation enumerated in subsection (c)</u>, knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years."). As alleged in the indictment, counts two and four, bank fraud in violation of § 1344, are predicate offenses for counts five and six, aggravated identity theft in violation of § 1028A. <u>See</u> <u>id.</u> § 1028A(c)(5) (listing "mail, bank, and wire fraud" as predicate crimes for aggravated identity theft). The Court therefore finds that counts five and six are not

duplicative of counts two and four, and **DENIES** Defendant's motion to dismiss on this ground.

### III. Conclusion

Because counts five and six sufficiently allege a violation of 18 U.S.C. § 1028A, and counts five and six are not duplicative of counts two and four, the Court **DENIES** Defendant's motion to dismiss counts five and six. ECF No. 12.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to counsel for Defendant and to the United States Attorney's Office in Newport News, Virginia.

**IT IS SO ORDERED.**

/s/ *[signature]*
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 5, 2017